780 F.2d 336
 C.K. BENOIT
v.
Roshan PANTHAKY, Thomas Legullou, James Daniel, Veronica
Daniel, Commissioner of Finance of the Government
of the V.I.
Appeal of James and Veronica DANIEL, Appellants.
 No. 85-3328.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 5, 1985.
Decided Dec. 30, 1985.
 
 Maria Cabret (Argued), Joel H. Holt, Christiansted, St. Croix, V.I., for appellants.
 Douglas A. Brady (Argued), Jacobs & Brady, Christiansted, St. Croix, V.I., for appellee.
 Before HUNTER, GARTH, and BECKER, Circuit Judges.
 OPINION OF THE COURT
 JAMES HUNTER, III, Circuit Judge:
 
 
 1
 1. James and Veronica Daniels bring this appeal from a judgment of the District Court of the Virgin Islands affirming a judgment of the Territorial Court of the Virgin Islands. The Daniels claim that the territorial court erred in setting aside the tax sale of property that they purchased subsequent to the sale. We disagree and therefore affirm.
 
 
 2
 2. The tax sale at issue in this appeal took place on November 10, 1978 and concerned two plots of property owned by C.K. Benoit, Plots 117 and 122 of Estate St. George, Price Quarter, St. Croix. Plot 117 was purchased at the sale in the name of Roshan Panthaky and sold to the Daniels in February 1981. On August 4, 1981, Benoit filed a complaint in the territorial court, alleging that the government had improperly sold Plots 117 and 122 and naming the government, Panthaky, and the purchaser of Plot 122 as defendants. Although the Daniels had recorded their interest in Plot 117 prior to the filing of the action, they were not named in the original complaint. They were added, however, in an amended complaint filed in April 1982.
 
 
 3
 3. After trial, the territorial court held that the tax sale was void as a result of defective notice to Benoit and that no title passed at the sale. For Plot 117, the court fashioned an equitable remedy, permitting the Daniels to hold title because they had built a house on the property.[1] In return, the Daniels were to pay Benoit $6,610.00, the amount by which the market value of the property when they acquired it exceeded the tax sale purchase price. The court further granted the Daniels reimbursement from Panthaky for $7,610.00, the purchase price paid by the Daniels less the tax sale price.[2] The Daniels appealed the territorial court's judgment and the district court affirmed. The Daniels then filed this appeal.
 
 
 4
 4. The first issue raised by the Daniels is whether the statute of limitations barred Benoit's claims against them. Specifically, the Daniels challenge the district court's finding that the statute of limitations for actions to set aside a tax sale, V.I.Code Ann. tit. 5, Sec. 31(5)(A) (Supp.1984),[3] will not run for tax sales conducted without constitutionally adequate notice to the property owner. The Daniels argue that the November 1978 tax sale was not constitutionally defective and, in the alternative, that the statute of limitations bars all actions to set aside a tax sale regardless of whether the sale was void as a result of a constitutional defect or "any other technicality." Brief for Appellant at 7.
 
 
 5
 5. We first reject the Daniels's contention that the notice to Benoit of the November 1978 tax sale was sufficient to comply with requirements of the due process clause of the fourteenth amendment. Although Benoit's correct address was a matter of record at the Office of the Recorder of Deeds, the authorities never notified Benoit at his address of the attachment and impending sale of his property. In fact, he did not receive actual notice of the sale until he received a letter from the Virgin Islands Office of the Tax Assessor dated December 23, 1980. Since Benoit was the identifiable owner of the property and his address could have been ascertained by reasonably diligent efforts, personal or mailed notice of the sale was constitutionally required. See Mennonite Board of Missions v. Adams, 462 U.S. 791, 798-99 & n. 4, 103 S.Ct. 2706, 2711-12 & n. 4, 77 L.Ed.2d 180 (1983) (constitution requires personal service or mailed notice of tax sale to reasonably identifiable holder of substantial property interest in subject of sale).
 
 
 6
 6. We also reject the Daniels's alternative contention that the statute of limitations contained in section 31(5)(A) bars Benoit's action to set aside the tax sale regardless of whether the sale was constitutionally defective. Leaving aside the question whether the Daniels's proposed interpretation of section 31(5)(A) would be constitutionally impermissible,[4] we believe that the territorial court and the district court properly concluded that section 31(5)(A) did not bar Benoit's action.
 
 
 7
 7. Section 31(5)(A) has analogous in most jurisdictions. Although courts in some jurisdictions have held that statutes of limitations like section 31(5)(A) are effective where a tax sale is void because of fundamental defects, in most jurisdictions courts have held that such statutes are ineffective to preclude a claim of voidness based on "jurisdictional" defects in a tax foreclosure proceeding. See, e.g., Register v. Kenai Peninsula Borough, 667 P.2d 1236 (Alaska 1983); Bogart v. Lathrop, 90 Nev. 230, 523 P.2d 838 (1974); Rast v. Terry, 532 S.W.2d 552 (Tenn.1976); see generally Young, The Tax Deed-Modern Movement Towards Respectability, 34 Rocky Mtn.L.Rev. 181, 188 (1962); Annot., 38 A.L.R. 986, 1070 (1954). Constitutionally inadequate notice to the owner of the property sold at a tax foreclosure is a jurisdictional defect. See, e.g., Register, 667 P.2d at 1238; Hood River County v. Dabney, 246 Or. 14, 21, 423 P.2d 954, 957 (1967). As the district court observed, the Daniels present no evidence that the Virgin Islands legislature, in enacting section 31(5)(A), intended to adopt the minority position on this issue. Accordingly, we cannot say that the district court erred in following the majority rule. Cf. V.I.Code Ann. tit. 1, Sec. 4 (1967) (rules of common law, as generally understood and applied in the United States, shall be the rules of decision in Virgin Islands courts); see also Dyndul v. Dyndul, 541 F.2d 132, 134 (3d Cir.1976) (even for matters that are not strictly part of the common law, V.I.Code Ann. tit. 1, Sec. 4 is impressive evidence that the Virgin Islands legislature intends majority rule to govern).
 
 
 8
 8. In addition to their statute of limitations argument, the Daniels claim that the courts below should have applied the equitable doctrine of laches in order to bar Benoit from contesting the validity of the tax sale. Whether laches should be used to bar an action is a question directed to the discretion of the trial court. Burnett v. New York Railroad Co., 380 U.S. 424, 435, 85 S.Ct. 1050, 1058, 13 L.Ed.2d 941 (1965). Even assuming that the doctrine of laches is applicable to bar a suit to set aside a constitutionally defective tax sale,[5] we find that the territorial court did not abuse its discretion in failing to dismiss Benoit's action on the basis of laches.
 
 
 9
 9. The elements of the defense of laches are " '(1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.' " EEOC v. Great Atlantic & Pacific Tea Co., 735 F.2d 69, 80 (3d Cir.1984) (quoting Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961)). The Daniels have arguably demonstrated the existence of the first element by pointing to Benoit's lack of diligence in failing to assert his rights against the Daniels until over a year after they acquired the property. Rather than apply the doctrine of laches to mitigate the prejudice resulting to the Daniels from Benoit's delay, the territorial court decided instead to permit the Daniels to hold title to the property and to require Panthaky to reimburse the Daniels for part of the price they paid for the property. We are not inclined to disturb that decision.[6]
 
 
 10
 10. In deciding that the territorial court did not abuse its discretion in not accepting the Daniels's laches defense, we recognize that the Daniels have apparently been unable to collect from Panthaky. We nevertheless note that the Daniels themselves exhibited lack of diligence in ascertaining the nature and status of the title that they received from Panthaky. Accordingly, the equities do not support disrupting the remedy tailored by the territorial court. See Burke v. Gateway Clipper Inc., 441 F.2d 946, 949 (3d Cir.1971) (determination whether laches applies depends on "peculiar equitable circumstances" of the case) (quoting The Key City, 14 Wall. (81 U.S.) 653, 660, 20 L.Ed. 896 (1871)).
 
 
 11
 11. For the foregoing reasons, the judgment of the district court will be affirmed.
 
 
 
 [1]
 The territorial court returned title to Plot 122 to Benoit, granting the tax sale purchaser of the plot reimbursement of the purchase price together with interest and expenses
 
 
 [2]
 The Daniels have apparently been unable to collect from Panthaky. See Brief for Appellant at 21-22
 
 
 [3]
 Section 31(5)(A) provides:
 Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:
 * * *
 (5) Two years--
 (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.
 
 
 [4]
 We will refrain from deciding this constitutional issue because the case can be decided on another basis. See, e.g., Harris v. McRae, 448 U.S. 297, 306-07, 100 S.Ct. 2671, 2682-83, 65 L.Ed.2d 784 (1980); McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 430 (3d Cir.1983)
 
 
 [5]
 At least one court has held that the doctrine of laches, like a statute of limitations such as section 31(5)(A), is not a defense to an action to challenge a void tax sale. See Ford v. Willits, 237 Kan. 13, 697 P.2d 834 (1985)
 
 
 [6]
 We also note that Benoit's delay in asserting his rights in his properties resulted in large part from the government's lack of diligence. In fact, Benoit himself initiated communication with the Tax Assessor's Office in September 1980, concerning its failure to notify him of taxes due on his properties. A representative from that office then solicited payment for taxes owing on the properties even though they had been sold two years earlier. It was only after Benoit submitted the tax payment and the Tax Assessor's Office returned it to him by letter dated December 23, 1980 that he learned of the November 1978 tax sale for the first time. These circumstances reinforce our determination not to upset the territorial court's decision to reject the laches defense. See Shree Ram Naya Sabha, Inc. v. Hendricks, 19 V.I. 216, 221 (D.V.I.1982)