218 N.J. Super. 558 (1987)
528 A.2d 98
TOWN OF PHILLIPSBURG
v.
BLOCK 22 LOTS 14, 15, 16 ASSESSED TO LAREENE STEWART AND OTHER LANDS.
Superior Court of New Jersey, Chancery Division Warren County.
Decided February 26, 1987.
*559 Michael J. Perrucci for the mortgagees.
Thomas Ferguson for the Town of Phillipsburg.
DIANA, A.J.S.C.
This matter is before the court on an order to show cause why a judgment of foreclosure should not be vacated. An in rem tax foreclosure action was instituted by plaintiff Town of Phillipsburg against property owned by Robert M. Zengulis and Prudence Zengulis, resulting in a judgment of foreclosure. Mr. and Mrs. Roth, parents of Robert Zengulis seek to vacate the judgment.
In April 1980, Mr. and Mrs. Zengulis executed a mortgage to Mr. and Mrs. Roth in the amount of $18,725.74. This sum *560 represented the amount of real estate taxes on the property that the Roths had paid to Phillipsburg on behalf of the Zengulises to avoid a tax sale. The mortgage was recorded in mortgage book 548, page 57 of the Warren County Clerk's Office on or about May 9, 1980 and rerecorded in mortgage book 549, page 327 on or about June 9, 1980. The mortgage was to be repaid at the rate of $300 a month. The mortgage remained unpaid as of the date of the hearing on this matter.
In July 1985, the Roths received a letter from the Internal Revenue Service (IRS) indicating that Mr. and Mrs. Zengulis owed back taxes to the federal government. Thereafter Mrs. Roth paid the IRS $15,000 on behalf of Mr. and Mrs. Zengulis.
The Roths contended that despite their recorded mortgage on the subject property, they were never informed by the town that the real estate taxes had again not been paid nor that an in rem foreclosure proceeding had been commenced and brought to judgment. Mrs. Roth stated "[h]ad I been made aware by any of the parties [of the proceedings] I would have paid the taxes on the property to protect my investment as represented in the mortgage for previous moneys loaned on [the] property."
In support of their application to vacate the judgment of foreclosure, the Roths cited the case of Mennonite Board of Missions v. Richard C. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) decided by the United States Supreme Court on June 22, 1983. They asserted that the decision has in effect declared that the "law of the land now requires that [those persons conducting] In Rem Foreclosure proceedings notify all lien and judgment creditors."
The Town of Phillipsburg argues that the holding in the Mennonite case is not applicable to this case. It argues that unlike the Indiana statute at issue in Mennonite, New Jersey's comparable statute provides for notice to a mortgagee by the municipality seeking to foreclose. N.J.S.A. 54:5-104.48 directs the municipality to serve notice of the foreclosure on persons *561 who have previously given notice to the tax collector of the existence of their lien or claim. The town contends that this statute affords ample due process and that it has received "countless notifications" pursuant to this statute from mortgagees seeking to protect their interest in property. However, since the Roths failed to give notice of their lien to the town, the town argues that it was not required by law to notify the Roths of the pending foreclosure proceedings.
The town also argues that "it is apparent that the mortgagees Mr. and Mrs. Roth, were aware of the tax indebtedness of the Zengulis[es] to the town of Phillipsburg prior to as well as after the entry of judgment." The basis for this argument is that since the Roths knew of the IRS indebtedness, as well as, the other indebtedness, they must have known that there were also taxes due to the town.
The town further argues that in the dissenting opinion in the Mennonite case, Justice O'Connor joined by Justice Powell and Justice Rehnquist stated "when a party is unreasonable in failing to protect its interest despite its ability to do so, due process does not require that the state save the party from its own lack of care." 462 U.S. at 809, 103 S.Ct. at 2717. The town contends that since the Roths had failed to take advantage of the protection afforded to them by virtue of N.J.S.A. 54:5-104.48, they should not be afforded relief by the court.
Additionally the town contends that N.J.S.A. 54:4-87 applies equally to the Zengulises and the Roths, as mortgagees and therefore, since they failed to move to re-open the tax foreclosure judgment within three months, they were barred and even if this court were to apply the court rule regarding relief from judgment, R. 4:50-2, the Roths are not entitled to the relief they are seeking.
The town concludes by stating that if the court afforded the Roths any relief, it should not be in the form of re-opening the entire judgment but rather to award them monies "reasonably calculated to protect their interest."
*562 The primary issue to be determined by the court is whether the notice provision of the In Rem Tax Foreclosure Act (N.J.S.A. 54:5-104.29 et seq.), meets the due process requirements set forth by the United States Supreme Court in Mennonite. A review of the Mennonite case reveals facts similar to those in the case before this court. As in the case sub judice, although there was a valid mortgage on the premises held by the mortgagee, Mennonite Board of Missions, neither the county nor anyone else informed the mortgagee of the pending tax sale.
Justice Marshall, writing for the Court and citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950) stated:
In Mullane, ... [supra] this Court recognized that prior to an action which will affect an interest in life, liberty or property protected by the Due Process clause of the Fourteenth Amendment, a State must provide `notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' [462 U.S. at 795, 103 S.Ct. at 2709.]
The Court continued:
This case is controlled by the analysis in Mullane. To begin with, a mortgagee possess[es] a substantial property interest that is significantly affected by a tax sale....
Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale. Cf. Wiswall v. Sampson, 14 How. 52, 67, 14 L.Ed. 322 (1853). When a mortgagee is identified in a mortgage that is publicly recorded, constructive notice by publication must be supplemented by notice mailed to the mortgagee's last known available address or by personal service. But unless the mortgagee is not reasonably identifiable, constructive notice alone does not satisfy the mandate of Mullane. [Id. at 798, 103 S.Ct. at 2711]
The Court in Mennonite found that "[n]otice to the property owner who is not in privity with his creditor and who has failed to take steps necessary to preserve his own property interest also cannot be expected to lead to actual notice to the mortgagee." Id. at 799, 103 S.Ct. at 2711; citations omitted.
The notice requirements for in rem foreclosures are found in N.J.S.A. 54:5-104.42 and provide as follows:

*563 The copy of the [foreclosure] complaint filed in the office of the county recording officer and the publication, service and posting of the notice as provided by the Rules Governing the Courts of the State of New Jersey shall be notice to the world including all persons claiming any right, title, interest in or lien upon the land sought to be affected by said complaint, whether or not the names of said persons appear in said complaint.
The relevant court rule is R. 4:64-1 et seq. and specifically R. 4:64-7(c). This part of the rule requires service of the notice of the foreclosure on
each person whose name appears as an owner in the tax foreclosure list at his last known address as it appears on the last municipal tax duplicate. The plaintiff shall also make service upon all other persons who, pursuant to N.J.S.A. 54:104.48, as amended, have filed a notice with the tax collector specifying a title, lien, claim or interest in any of the lands sought to be affected by said complaint.[1]
N.J.S.A. 54:5-104.35 provides for the preparation by the municipality of a tax foreclosure list identifying the lands against which a municipality plans to institute foreclosure proceedings as well as "the name of the person appearing as the owner of land to be affected by the foreclosure proceedings as if it appears on the last tax duplicate of the municipality."
N.J.S.A. 54:5-104.48 provides that:
At any time after the enactment of this act, any person owning land or holding a mortgage thereon, or any person having a lien or claim thereon, or interest therein, may file with the tax collector of the taxing district wherein such land is located, a notice stating his name, residence and post office address and a description ... of the parcel of land in which such person has an interest, which notice shall continue in effect for a period of five years .. . A notice of foreclosure shall be served upon such persons and all others, as provided by Rules Governing the Courts of the State of New Jersey.
*564 While it would have been prudent for the Roths to have filed a notice with the town pursuant to N.J.S.A. 54:5-104.48, especially in light of their knowledge that the Zengulises had once before failed to pay their real estate taxes, I am not able to find that such a failure allows the plaintiff/municipality to dispense with the notice required by the United States Supreme Court in Mennonite to satisfy due process standards. Notice statutes such as N.J.S.A. 54:5-104.48 relieve the municipality of the cost and expense of conducting a title search to determine the identity of holders of liens against the property to be foreclosed, and do afford those lien holders some method of protecting their interests. However, the United States Supreme Court held that if the mortgagee is reasonably identifiable, actual notice must be attempted.[2] The Roth's mortgage was properly recorded and indexed. They could have been reasonably identified had a title search of the property been conducted by the municipality prior to instituting its foreclosure action.
The property rights of a mortgagee or other lien holder are substantial and it is not unreasonable to require a foreclosing municipality to take reasonable measures to insure that a holder of a lien has notice of a tax sale which by its very nature significantly affects its property interests, and may in fact "drastically diminish" the value of the mortgagee's security interest and may ultimately "result in the complete nullification of the mortgagee's interest...." 462 U.S. at 798, 103 S.Ct. at *565 2711. It follows that the due process requirements dictated by the United States Supreme Court cannot be dispensed with and states are not free to restrict such rights. The Supreme Court was very clear in its mandate that if a mortgage identifies the mortgagee and is properly recorded, the mortgagee must be given actual notice by the party seeking to foreclose its interest either by mailing such notice to the mortgagee's last known available address or by personal service. This conclusion embodies the Court's belief that requiring such actions on the part of a town seeking to foreclose on property pursuant to an in rem foreclosure act, does not place an exceptional burden on the municipality. Furthermore, I find that to require one who has recorded his mortgage in compliance with N.J.S.A. 46:21-1 to file an additional notice to further protect his interest would violate the United States Supreme Court's mandate.
Applying the Mennonite decision to the case sub judice, compels me to hold that the Roths' due process rights were violated by the municipality's failure to provide notice of the foreclosure action. Accordingly, the foreclosure proceedings will be deemed defective and the judgment resulting therefrom vacated.
NOTES
[1] Pressler, Current N.J. Court Rules, Comment R. 4:64-7 (1987) states "[t]he rule was amended effective September 1977 to conform with Montville Tp. v. Block 69, et al., 74 N.J. 1 (1977) in which the Supreme Court held the notice requirements in the In Rem Tax Foreclosure Act to be constitutionally inadequate and mandated direct notice to known persons in interest in the property to be foreclosed," [citations omitted]. A review of the Montville Tp. decision indicates that although the Court's holding was not as broadly worded as the comment to the court rule suggests, (i.e., the Court held that notice by publication to a landowner was insufficient), the Court did cite as authority for its holding, some of the same language quoted by the Supreme Court in Mennonite from the Mullane case and its holding flows from those dictates regarding due process notice requirements.
[2] It is interesting to note that while the Mennonite case was pending the State of Indiana amended its foreclosure statutes to include a provision similar to N.J.S.A. 54:5-104.48 requiring a mortgagee to notify the government authority of the existence of its mortgage if it sought specific notice of an action to foreclose a tax certificate. Following the Supreme Court decision in Mennonite, Indiana again amended its statute and deleted the provision which required the county auditor to only give notice of a sale to any mortgagee "if the mortgagee, annually, on a form prescribed by the state board of accounts" had requested notice of the sale be sent to him and had paid a fee to the county auditor to cover the cost of sending notice. See Ind. Code, § 6-1.1-24-4.2; 462 U.S. at 793, n. 2, 103 S.Ct. at 2708 n. 2.