**Charles Samuel CRAIG and Bryce H. Craig, etc., et al., Plaintiffs,**

**v.**

**The TOWNSHIP OF EWING, etc., et al., Defendants.**

**Civ. No. 87–2790 (AET).**

United States District Court, D. New Jersey.

Feb. 16, 1988.

William T. Sutphin, Princeton, N.J., for plaintiffs.

Harry Haushalter, Deputy Atty. Gen., Richard J. Hughes Justice Complex, Charles B. Allen, Jr., Deitrich, Allen & St. John, Edward Hunter, Trenton, N.J., for defendants.

OPINION

ANNE E. THOMPSON, District Judge.

This matter is before the court on a motion filed by plaintiffs for summary judgment pursuant to FED.R.CIV.P. 56(c) and for attorney fees pursuant to 42 U.S.C. Section 1988. Defendant Township of Ew-

ing also has filed its own cross-motion for summary judgment. The Attorney General for the State of New Jersey has moved to be permitted to intervene in this action as a defendant pursuant to 28 U.S.C. Section 2403(b) for the purpose of defending the constitutionality of the provisions of the New Jersey In Rem Tax Foreclosure Act, N.J.S.A. 54:5–104.29 *et seq*, at issue. Plaintiffs do not oppose such intervention, and the court has permitted the Attorney General leave to so intervene in this action.

The underlying dispute in this action involves a purchase money mortgage loan provided by Charles H. Craig on or about July 30, 1965 for the purchase of property in Ewing Township. The purchasers were Charles and Mary Brown and the purchase price and mortgage amount was $13,900. The Browns subsequently defaulted on their tax payments, and the Township recorded a tax sale certificate on December 6, 1977. On September 1, 1981, the Township sought to obtain an *in rem* foreclosure on the property pursuant to N.J.S.A. 54:5–104.29 *et seq.* and filed a request to enter default in New Jersey Superior Court. A final judgment of foreclosure was entered on September 2, 1981. Plaintiffs allege that they notified Ewing Township on or about February 12, 1987 that it did not have clear title to the premises due to the alleged mortgage interest of the Craig family. The Township asserts that as a result of the *in rem* foreclosure action, plaintiffs have no interest in the property, and it seeks to sell the property for a minimum bid of $85,000, with none of the sale proceeds going to plaintiffs.

Plaintiffs have alleged that their rights under 42 U.S.C. Section 1983 would be violated if they receive no payment from such a sale, because they received no notice of the *in rem* foreclosure proceedings instituted by the Township. Plaintiffs rely on *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1982), which invalidated an Indiana statute which allowed for sale of property for nonpayment of taxes without providing for mail or personal notice to mortgagees.

In New Jersey, N.J.S.A. 54:5–104.42 addresses the notice requirements for *in rem* foreclosures and provides that filing a copy of the foreclosure complaint with the county recording office and publication, service, and posting of the notice in accordance with the New Jersey Court Rules shall be notice to the world. The relevant court rule is *R.* 4:64–7(c) and requires service of the foreclosure notice on all persons whose names appear as an owner on the tax foreclosure roles and all other persons who have filed a notice with the tax collector pursuant to N.J.S.A. 54:5–104.48. This section of the Act provides:

> At any time after the enactment of this act, any person owning land or holding a mortgage thereon, or any person having a lien or claim thereon, or interest therein, may file with the tax collector of the taxing district wherein such land is located, a notice stating his name, residence and post-office address and a description, as shown in the last tax duplicate of the municipality, of the parcel of land in which such person has an interest, which notice shall continue in effect for a period of five years, unless earlier canceled by such person. A notice of foreclosure shall be served upon such persons and all others, as provided by the Rules Governing the Courts of the State of New Jersey.

Defendants contend that the opportunity of plaintiffs to file such a notice and thereby receive a notice of foreclosure suffices under the due process clause of the 14th Amendment and the standards articulated in *Mennonite, supra.*

■ Although all parties focus on the constitutionality of the notice provisions of the In Rem Tax Foreclosure Act, ["the Act"] the Township also raises two preliminary issues which the court must address. The Township first claims that plaintiffs have failed to state a claim cognizable under 42 U.S.C. Section 1983. However, it is well-settled that municipal bodies may be held liable for compensatory and equitable relief where their allegedly unconstitutional actions implement a policy or custom. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). Clearly the alleged *in rem* foreclosure by the Township with-

out adequate due process falls within the scope of Section 1983 and *Monell.* Furthermore, contrary to the apparent assertion of the Township, a litigant bringing a claim under Section 1983 need not first exhaust state remedies. *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Similarly, the Township's reliance on *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), is inapposite. Those cases consider the adequacy of post-deprivation state remedies for deprivations of property resulting from random or unauthorized conduct by state actors, not where the enforcement of established procedures is at issue.

■ The Township also raises the issue of whether plaintiffs' action is barred by the statute of limitations. Contrary to the assertion of the Township, N.J.S.A. 54:5–82, which provides a two-year limitations period to set aside a certificate of tax sale or recover possession of property, or N.J.S.A. 54:5–87, which provides that a foreclosure judgment should be final after three months, do not apply to this action brought pursuant to 42 U.S.C. Section 1983. The Supreme Court has established that all actions arising under 42 U.S.C. Section 1983 are to be governed by the state limitations period applicable for the recovery of damages for personal injuries. *Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). Therefore, it is the two-year period for injuries to the person prescribed by N.J.S.A. 2A:14–2 which governs all Section 1983 claims, including those of the present suit. *Brown v. Foley,* 810 F.2d 55, 56 (3d Cir. 1987).[1]

■ The question remains, however, as to when the limitations period began to run. The Township argues that the period began in 1977 when the tax sale certificate was recorded. Plaintiffs respond that they do not seek to set aside the tax sale or repossess the property. They contend that the constitutional deprivation at issue is that the Township presently intends to sell the property without satisfying the alleged outstanding mortgage interest of the Craig family.

A cause of action asserted pursuant to Section 1983 accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action. *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir.1982). Despite the fact that plaintiffs do not seek to set aside the *in rem* foreclosure itself, their alleged harm in reality is that constitutionally insufficient notice was provided to them during the foreclosure proceedings. Their contention is that the Township does not have a clear title to the property for an unencumbered sale today because the notice provided pursuant to N.J.S.A. 54:5–104.42 and 54:5–104.48 when the foreclosure judgment was obtained in 1981 was deficient under *Mennonite, supra.* Since their challenge is to the alleged lack of adequate notice provided during the *in rem* foreclosure, their cause of action accrued, and the two-year limitations period began to run, when they knew, or should have known that their due process rights were violated during those 1981 proceedings.

Based upon the materials before the court, it is not possible to determine when plaintiffs became aware that an *in rem* foreclosure had been entered in 1981. While the Township argues that plaintiffs should have known of the tax problems of the property owners, "a mortgagee's knowledge of delinquency in the payment

---

1. A question has arisen as to the applicability of *Benoit v. Panthaky,* 780 F.2d 336 (3d Cir.1985), to the statute of limitations issue. In *Benoit,* the Third Circuit held that the notice of a tax sale provided under a Virgin Islands statute was deficient according to *Mennonite. Id.* at 338. The Court also found the limitations period of this tax foreclosure act inapplicable since constitutionally inadequate notice is a jurisdictional defect. *Id.* at 339. However, the Benoit case was not brought pursuant to Section 1983 in a federal court; instead, it originated in the Virgin Islands territorial courts. Therefore, the decision in that case is not relevant to the question presented here of whether this Section 1983 action is barred by the limitations period applied in a 1983 suit. *See also Phillipsburg v. Block 22 Lots 14, 15, 16,* 218 N.J.Super. 558, 528 A.2d 98 (Chan.Div.1987) (challenge to N.J. Tax Foreclosure Act in state court not brought under Section 1983; therefore, no issue of Section 1983 limitations period.)

of taxes is not equivalent to notice that a tax sale is pending." *Mennonite, supra* 462 U.S. at 800, 103 S.Ct. at 2712. On the other hand, plaintiffs similarly have not addressed specifically the issue of whether they had actual knowledge of the 1981 foreclosure; they merely assert in their November 23 letter brief to the court that they received no *notice* of the proceedings from the Township. As a material issue of fact remains in dispute concerning a potential statute of limitations bar to this action, summary judgment pursuant to FED.R. CIV.P. 56(c) for either party would be premature. Furthermore, until this question is resolved, the court need not resolve the constitutional issue.

### ORDER

This matter having been opened to the court on a motion filed by plaintiffs and a cross-motion filed by the Township of Ewing for summary judgment, and the court having considered the arguments both in support and in opposition to the motions and for good cause shown;

It is on this 10th day of February 1988,

ORDERED that plaintiffs' motion be and hereby is denied; it is further

ORDERED that the Township's motion for summary judgment be and hereby is denied.