375 S.E.2d 827

**Larry R. ANDERSON**

v.

**Leslie J. JACKSON.**

**No. 18208.**

Supreme Court of Appeals of West Virginia.

Dec. 21, 1988.

---

provided constitutionally sufficient notice of the tax delinquency. We affirm.

Larry R. Anderson, the plaintiff, was the owner of two small tracts of land situated in the Charleston North Annex. In 1975, these tracts were returned delinquent for nonpayment of real property taxes. They were offered for sale at public auction by the Sheriff of Kanawha County on October 7, 1976. Notice of the sale was published in a local newspaper as required by W.Va. Code, 11A–3–2. There were no bidders, and the tracts were purchased for the State.

On October 22, 1979, the tracts were purchased by Mr. Jackson from the deputy commissioner of forfeited and delinquent lands. A deed was delivered by the deputy commissioner to Mr. Jackson on December 3, 1979. This suit was filed on July 2, 1980, in the Circuit Court of Kanawha County to set aside the deed. By order of July 20, 1987, the circuit court determined that the notice provided to the plaintiff was constitutionally deficient and voided the deed.

We recently held in *Lilly v. Duke*, 180 W.Va. 228, 376 S.E.2d 122 (1988), that the notice by publication procedure contained in W.Va.Code, 11A–3–2, was constitutionally infirm. We went on to set out the notice requirements mandated by *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), and summarized these principles in Syllabus Points 1 and 2:

"1. There are certain constitutional due process requirements for notice of a tax sale of real property. Where a party having an interest in the property can reasonably be identified from public records or otherwise, due process requires that such party be provided notice by mail or other means as certain to ensure actual notice.

"2. W.Va.Code, 11A–3–2 (1967), was, prior to its amendments in 1983 and 1985, constitutionally invalid insofar as it permitted the sale of real property without personal notice to affected owners and others having an interest in the property."

Larry L. Skeen, Skeen and Skeen, Ripley, for appellant.

Charles M. Walker, Charleston, for appellee.

PER CURIAM:

This is an appeal by Leslie L. Jackson, one of the defendants below, from an order of the Kanawha County Circuit Court setting aside a tax deed. The circuit court determined that the landowner was not

■ We find, on our review of the record, that no steps were taken to provide notice to the plaintiff other than by publication. As we stated in *Lilly,* such notice falls short of due process minimums and, therefore, renders the sheriff's sale a nullity. Since the State did not acquire valid title to the tracts in question, the deed by the deputy commissioner was properly set aside.

Implicit in this case is the issue of whether suits to set aside delinquent land tax deeds can be time barred. We note that there do not appear to be many cases decided subsequent to *Mennonite* that discuss this issue. The Third Circuit Court of Appeals in *Benoit v. Panthaky,* 780 F.2d 336 (3d Cir.1985), assumed without deciding that laches might apply, but held under the facts of the case that it was not applicable. A similar conclusion was reached by the Indiana Court of Appeals in *Fields v. Evans,* 484 N.E.2d 36 (Ind.App.1985). We have utilized the doctrine of laches or equitable estoppel to bar relief in prior land tax cases. *See, e.g., Thaxton v. Beard,* 157 W.Va. 381, 201 S.E.2d 298 (1973) (estoppel applied in case of erroneous assessment); *Work v. Rogerson,* 152 W.Va. 169, 160 S.E.2d 159 (1968) (laches in delinquent tax deed).

■ This suit was filed only eight months after delivery of the deputy commissioner's deed. There was no intervening disposition of the property by Mr. Jackson nor any capital improvements thereon. Furthermore, the record does not reveal any inequitable conduct by the plaintiff that would operate as a bar. We, therefore, conclude that the suit was timely.

The judgment of the Kanawha County Circuit Court is, therefore, affirmed.

AFFIRMED.