NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2018 VT 34

No. 2017-287

| | |
|---|---|
| Sulaiman J. Jadallah | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Franklin Unit, |
| | Civil Division |
| | |
| Town of Fairfax, Stacy Wells, Gabriel Handy and Sidon Pantry, LLC | February Term, 2018 |

Michael J. Harris, J.

Sulaiman J. Jadallah, Pro Se, Milton, Plaintiff-Appellant.

Brian P. Monaghan and James F. Conway, III of Monaghan Safar Ducham PLLC, Burlington, for Defendants-Appellees Town of Fairfax and Stacy Wells.

Joseph D. Fallon, Hinesburg, for Defendants-Appellees Gabriel Handy and Sidon Pantry, LLC.

PRESENT: Reiber, C.J., Skoglund, Robinson,[1] Eaton and Carroll, JJ.


¶ 1. SKOGLUND, J. Appellant, Sulaiman Jadallah, asks this Court to reverse a trial court's decision that: (1) denied appellant's request to vacate a settlement agreement between himself, appellee Gabriel Handy, and appellee Sidon Pantry, LLC under Vermont Rule of Civil Procedure 60(b); and (2) granted summary judgment in favor of appellee Town of Fairfax and appellee Stacy Wells. For the reasons set out below, we affirm.

¶ 2. This appeal arises out of a seemingly complex factual background. In 1994, appellant began operating a restaurant situated on a parcel of real property that he owned. Nine

---

[1] Justice Robinson was present for oral argument, but she did not participate in this decision.

years later in 2003, Handy loaned appellant money. To secure the loan, appellant executed a quitclaim deed for the real property to Handy (2003 Deed), which the parties agreed that Handy could record should appellant fail to repay Handy. Appellant repaid the loan to Handy's satisfaction, and thus, Handy did not record the 2003 Deed.

¶ 3. In 2007, appellant again experienced financial difficulty and sought a loan from Handy. Handy agreed to loan appellant money pursuant to terms laid out in a promissory note, which appellant signed. The loan was secured by a second quitclaim deed for the real property to Handy (2007 Deed). The promissory note and the 2007 Deed were signed by appellant and Handy and notarized by Wells on October 2, 2007. The 2007 Deed and promissory note provided that, if appellant failed to make timely repayment of the loan, Handy would be required to give notice to appellant and allow appellant fifteen days to cure the default. Upon appellant's failure to cure, Handy would record the 2007 Deed, which would transfer title of the property to Sidon Pantry, Handy's company.

¶ 4. Subsequently, appellant was incarcerated for an unrelated legal matter and failed to make payments to Handy, as required by the promissory note, and to the State of Vermont for rooms and meals taxes. As a result of appellant's default, Handy recorded the 2007 Deed and Wells signed the attestation stamp as to the fact and date of the recording on April 7, 2008. Handy filed the Vermont Property Transfer Tax Return (VPTTR) on the same day and paid the relevant transfer taxes and back room and meals taxes thereafter.

¶ 5. When appellant was released from prison in mid-April 2008, Handy told appellant that he had recorded the quitclaim deed. On April 30, 2008, a mortgagee of the property sent appellant a letter informing him that an unauthorized transfer of the property had occurred in violation with the mortgage's provisions. Further, on March 9, 2009, a letter from appellant's attorney for a bankruptcy proceeding informed Handy's attorney that a May 2008 title search revealed a transfer of the property by appellant to Handy. In 2010, Handy cleared title to the

property by paying off the two mortgages encumbering the property. In 2014, appellant purported to grant an easement in the property to his son. The easement deed referenced the 2007 Deed as a "fraudulent deed" that did not actually convey the property to Handy and his company.

¶ 6. Appellant filed a complaint initiating this lawsuit on October 7, 2014. Appellant asserted an array of claims against the four appellees. The claims against all appellees included: slander of title, negligence, fraud, deceptive acts and practice, trespass, and conversion. Appellant also asserted a claim for breach of contract against Handy and Sidon Pantry and a claim for intentional interference with contractual relations against the Town of Fairfax and Wells. The Town and Wells filed a motion to dismiss these claims, which was denied.

¶ 7. Appellant and appellees Handy and Sidon Pantry entered into mediation, settled their dispute, and filed a stipulated dismissal order in March 2015. All parties were represented by independent counsel during the negotiations and signing of the settlement agreement. Prior to closing on the settlement, appellant's then-attorney requested additional language be added to the quitclaim deed to clarify and protect appellant's position. In the final settlement, appellant released any interest in the property to Handy and Sidon Pantry through a quitclaim deed (2015 Deed), each party dismissed all claims against the other, and all parties agreed that appellant's claims against the Town and Wells "shall not be affected by [the] Agreement." The trial court reviewed the settlement documents and entered an order dismissing the settled claims per the settlement. Further, the parties entered into a lease agreement, which stated that appellant could lease the premises with the right to purchase if all payments were made per the agreement. And, if appellant breached the lease agreement, Handy would have the right to foreclose and redeem the property. The case against the Town and Wells continued.

¶ 8. On March 4, 2016, appellant filed a motion for relief from judgment under Vermont Rule of Civil Procedure 60, requesting that the court vacate the March 2015 settlement agreement on the basis that Handy and his attorney allegedly engaged in fraud when drafting and obtaining

3

appellant's signature on the settlement documents. All four appellees opposed the motion for relief from judgment on several grounds. On August 16, 2016, the Town and Wells filed a motion for summary judgment on all causes of action. V.R.C.P. 56. The Town and Wells argued, among other things, that: (1) the statute of limitations on each of appellant's claims expired; (2) appellant, by signing the 2015 Deed and settlement agreement admitted the authenticity and legality of the 2007 Deed, thereby negating a necessary element of each of his claims; and (3) appellant failed to produce evidence in the record to support one or more elements of each of his claims against the Town and Wells. Appellant filed an opposition to the motion for summary judgment.

¶ 9.     On February 27, 2017, the trial court ruled on appellant's motion for relief from judgment and the Town and Wells's motion for summary judgment together. The trial court denied appellant's motion for relief after deciding to review the motion as one requesting revision to an interlocutory dismissal order because there was no final judgment "adjudicating all the claims and the rights and liabilities of all the parties" under Vermont Rule of Civil Procedure 54(b). The settlement agreement only dismissed claims between appellant, Handy, and Sidon Pantry, and those parties did not request that the court direct the entry of a final judgment as to the settled claims and parties. Under this review, "the court [did] not find that justice require[d] the requested relief." Next, the trial court granted the Town and Wells's motion for summary judgment on two alternative grounds—first, because the statute of limitations had expired on all claims before appellant filed his complaint, and second, because appellant had failed to produce any evidence to demonstrate the Town or Wells proximately caused any harm.

¶ 10.     Appellant appeals both the trial court's denial of his motion for relief from the settlement agreement with Handy and Sidon Pantry and the trial court's granting of summary judgment for the Town and Wells.[2]

---

[2] Appellant lists eleven questions in a "Statement of the Issues" at the beginning of his brief. However, the majority of these issues were simply listed as questions and were not clarified

4

¶ 11.    The trial court did not err in treating appellant's motion for relief from judgment, which he styled as a Rule 60 motion, as one to revise an interlocutory dismissal order. As there was no final order adjudicating all claims against all parties, a Rule 60 motion was inappropriate. See V.R.C.P. 54(b) (noting that any order adjudicating fewer than all claims against fewer than all parties "shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"). Through his motion, appellant alleged that Handy and his attorney engaged in fraudulent conduct in drafting and executing the 2015 Deed when they included language affirming the validity of the 2007 Deed, which was the very deed whose validity was central to appellant's claims against the Town and Wells. Therefore, appellant argued that the trial court should reform the 2015 Deed by removing the language that affirms the 2007 Deed's validity to conform with the language and intent of the settlement agreement.

¶ 12.    "The court's power to reopen any issue under V.R.C.P. 54(b) can be exercised only 'as justice requires,' that is, in accordance with the principles of equity and fair play." Putney Sch., Inc. v. Schaaf, 157 Vt. 396, 407, 599 A.2d 322, 328 (1991) (citing Marconi Wireless Tel. Co. of Am. v. United States, 320 U.S. 1, 47-48 (1943)). And, as with all discretionary matters before a trial court, "the court's action is subject to an abuse-of-discretion standard of review." Id. "For us to conclude the court abused its discretion, it must appear that the court entirely withheld its discretion or that it exercised discretion for clearly untenable reasons or to a clearly untenable extent." Remes v. Nordic Grp., Inc., 169 Vt. 37, 39-40, 726 A.2d 77, 79 (1999) (quotation omitted).

¶ 13.    Here, the trial court exercised its sound discretion when denying appellant's motion for relief. Through a thorough consideration of the facts before it, the trial court did "not find that

_____

or briefed in accordance with Vermont Rule of Appellate Procedure 28(a). Thus, we decline to address them here.

justice require[d] the requested relief for at least two reasons." First, it found that appellant's counsel reviewed and revised the settlement agreement and simple, one-page deed prior to its signing. The trial court also noted that the language that appellant complained of was necessary to clear the cloud on Handy and Sidon Pantry's title, which was caused by appellant's language in the 2014 easement to his son. Further, it asserted that the fact that appellant now realizes "there may have been a more elegant or effective way to have cured [his] 2014 clouding of title, does not serve as grounds to set aside the entire . . . settlement" or "to force [both] parties, who the record indicates settled in good faith, to spend additional counsel time and expense to develop means to clear their title." Second, the trial court found that "reformation of the deed, and re-opening the . . . dispute, to strike or reform the single, otherwise appropriate, phrase in the curative . . . deed is not necessary" because if the language somehow became an issue in appellant's remaining claims against the Town and Wells, appellant could address his concerns through motions in limine. The trial court conducted a thorough analysis of the reasons for reformation presented by appellant and determined that justice did not require reformation. Therefore, we hold that the trial court did not abuse its discretion when it denied appellant's motion for relief.

¶ 14. Second, appellant argues that the trial court erred in granting the Town and Wells's summary judgment motion. This Court reviews summary judgment rulings de novo, applying the same standard as the trial court. Gallipo v. City of Rutland, 2005 VT 83, ¶ 13, 178 Vt. 244, 882 A.2d 1177. We will affirm "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" based on "materials in the record." V.R.C.P. 56(a), (c)(1)(A). "In applying this standard, we regard as true all allegations of the nonmoving party supported by admissible evidence and give the nonmoving party the benefit of all reasonable doubts and inferences." King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220, 825 A.2d 16. An opponent to a motion for summary judgment must "identify specific facts, with citations

to the record, showing that there was a genuine issue for trial." Clayton v. Unsworth, 2010 VT 84, ¶ 28, 188 Vt. 432, 8 A.3d 1066.

¶ 15. In his brief, appellant argues: (1) the trial court applied the incorrect statute of limitations; (2) he was not on notice that the 2007 Deed was recorded until at least 2011; and (3) if the Court finds that he was on notice in 2008, the statute of limitations should have been tolled because appellant was incarcerated for a period of time or because Handy fraudulently concealed the cause of action.

¶ 16. The trial court correctly applied a six-year statute of limitations.[3] 12 V.S.A. § 511 ("A civil action . . . shall be commenced within six years after the cause of action accrues and not thereafter."). The causes of action brought by appellant are all civil, and thus appellant has not presented any reason to this Court that any statute of limitations other than the six-year period under § 511 is applicable. Therefore, to determine if appellant's October 2014 complaint was barred by a statute of limitations, we must determine when the action accrued.

¶ 17. A cause of action accrues "upon the discovery of facts constituting the basis of the cause of action or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery." Agency of Nat. Res. v. Towns, 168 Vt. 449, 452, 724 A.2d 1022, 1024 (1998) (emphasis omitted) (quotation omitted). "Thus, the statute of limitation begins to run when the plaintiff has notice of information that would put a reasonable person on inquiry, and the plaintiff is ultimately 'chargeable with notice of all the facts that could have been obtained by the exercise of reasonable diligence in prosecuting [the] inquiry.' " Id. (quoting Lamoille Cty. Sav. Bank & Trust Co. v. Belden, 90 Vt. 535, 541, 98 A.

---

[3] The trial court discussed, without deciding, whether the six-year statute of limitations period set forth in 12 V.S.A. § 555a may apply to the fraud count and whether 12 V.S.A. § 512(3) and a three-year limitation period may apply to the slander claim. Neither the trial court nor this Court must decide this matter because the result is the same whether we apply the six-year or three-year limitation.

1002, 1005 (1916)) (alteration in original). Thus, notice can be evidenced by showing a plaintiff had either actual knowledge or inquiry notice of the cause of action.

¶ 18. Based on the record before this Court, we conclude that appellant was on inquiry notice by May 2008 at the latest. Appellant admitted that he had signed and dated the 2007 Deed, which gave Handy the ability to record the deed and transfer the property to his company. Further, he admitted that Handy approached him in April 2008 to tell him that a deed, which appellant now argues was fraudulent, had been recorded while appellant was incarcerated. Appellant contends that this does not show actual knowledge because it was reasonable for him to believe that Handy was discussing the 2003 Deed, instead of the 2007 Deed. Even if this Court agrees that appellant did not have actual knowledge, we still conclude that appellant was on inquiry notice of the cause of action. When determining inquiry notice, the question is what a reasonable person would have done when presented with the information. See Abajian v. TruexCullins, Inc., 2017 VT 74, ¶ 19, __ Vt. __, 176 A.3d 534 ("[T]he question here is not when plaintiffs discovered the true nature of the [cause of action], but when sufficient facts existed that would have led a reasonable person to begin the investigation that would lead to the discovery."). We can confidently say that a reasonable person would have at least sought clarification upon hearing that a deed had been recorded which allegedly transferred title out of his or her name into someone else's, as appellant was told in April 2008. Further, appellant was also placed on inquiry notice in April 2008 when informed by the mortgagee of the property that an unauthorized transfer of the property had occurred and again in May 2008 when his bankruptcy attorney conducted a title search in relation to his bankruptcy proceedings and discovered the conveyance. Therefore, we hold that appellant was on inquiry notice of the cause of action—that a deed, fraudulent or not, was recorded—at the earliest in April 2008 and at the latest May 2008 and thus the statute of limitations expired in May 2014—at least four months before appellant filed his complaint.

8

¶ 19.   Appellant next argues that, even if he was on inquiry notice as of May 2008, this Court should toll the statute of limitations to account for the time that he was incarcerated and the time Handy allegedly fraudulently concealed the cause of action from appellant.  First, § 551 of Title 12 notes "[w]hen a person entitled to bring an action specified in this chapter is . . . imprisoned at the time the cause of action accrues, such person may bring such action within the times in this chapter respectively limited, after the disability is removed." (Emphasis added.) Therefore, because appellant's 2011 incarceration occurred after the cause of action accrued, as explained above, he is not entitled to the benefit of § 551.  Second, while appellant properly notes that § 555 permits the statute to be tolled "[w]hen a person entitled to bring a personal action is prevented from so doing by the fraudulent concealment of the cause of such action by the person against whom it lies," the alleged fraud he asserts would have occurred years after the cause of action accrued and thus did not prevent him from discovering it.

¶ 20.   Therefore, appellant's claims were time-barred, and the trial court properly granted the Town and Wells's motion for summary judgment.  Because appellant's claims were time-barred, we need not address his arguments related to the merits of his claims.

¶ 21.   Lastly, appellant argues that the trial court erred by not conducting an evidentiary hearing on the motions for relief from judgment or summary judgment.  Vermont Rule of Civil Procedure 78 provides that "[a]n opportunity to present evidence shall be provided, if requested, unless the court finds there to be no genuine issue as to any material fact."  Further, a party may request a hearing by filing "a statement of the evidence which the party wishes to offer."  Id. However, "[i]n any case, the court may decline to hear oral argument and may dispose of the motion without argument."  Id.; see also Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14, 904 A.2d 1071 (citing Rule 78 in rejecting plaintiff's argument that summary judgment should be reversed due to lack of evidentiary hearing).  Here, the trial court exercised proper discretion when determining that an evidentiary hearing was not necessary because it found that appellant

9

did not offer a reasonable explanation for one, noting that appellant's motion for relief and opposition to the Town and Wells's summary judgment motion "raise[d] arguments and recited alleged facts with no citation to testimony or items in the record."  See Sandgate Sch. Dist. v. Cate, 2005 VT 88, ¶ 12, 178 Vt. 625, 883 A.2d 774 (mem.) ("[W]hen a court finds that the explanations offered by a party are unreasonable, it is within its discretion to deny the motion without a hearing."); Alexander v. Dupuis, 140 Vt. 122, 125, 435 A.2d 693, 695 (1981) ("When a motion on its face sets up facts which, even if proved, would lead to a denial of the motion, there has been no violation of due process.").

Affirmed.

FOR THE COURT:

_____
Associate Justice

10