VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.      22-AP-240



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## <u>ENTRY ORDER</u>

FEBRUARY TERM,   2023

Emanuel G. Contos* v. Town of
Londonderry & Sandra Superchi

}
}
}
}
}
}

APPEALED FROM:

Superior Court, Windham Unit,
Civil Division
CASE NO. 417-11-19 Wmcv
Trial Judge: Katherine A. Hayes

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals the civil division's order granting summary judgment to defendants in this action to set aside the tax sale of real estate. We affirm.

The following facts were undisputed for purposes of summary judgment. In 1992, plaintiff purchased real estate in Londonderry, Vermont. He has never used the property as a primary residence. From 2007 onward, plaintiff was delinquent in paying his property taxes every year except for 2014 and 2015. The Town initiated tax collection efforts against plaintiff in 2010 for delinquent taxes owed for 2007, 2008, 2009, and 2010. In 2014, the Town took similar action against plaintiff for tax years 2011, 2012, and 2013.

During the entire period that plaintiff owned the Londonderry property, he resided at 879 Neipsic Road in Glastonbury, Connecticut. The Town's records list plaintiff's address as "879 Niepsic Road." It has used this spelling in its official records and mailings to plaintiff since at least 2012. Plaintiff admitted that he had received tax bills from the Town every year since he purchased the property, including delinquent tax bills sent to "879 Niepsic Road."

On January 15, March 20, and May 4, 2018, the Town sent delinquent tax collector's notices to plaintiff for tax years 2016 and 2017. Plaintiff admitted that he received the January 2018 notice.

On March 27, 2018, the Town's delinquent tax collector extended her levy and warrant against the property. A tax sale was scheduled for May 11, 2018. Notice of the sale was published in the Vermont Journal, a free weekly paper circulated in the Londonderry area, for three consecutive weeks in April 2018.

On April 4, 2018, the Town sent plaintiff a notice of the tax sale by certified mail with return receipt requested to "879 Niepsie Road, Glastonbury, CT 06033." On May 2, the Town sent a second notice to the same address by first-class mail. On May 7, the first notice was returned to the Town with a label stating, "return to sender, unclaimed, unable to forward." According to the 2017 Mailing Standards of the U.S. Postal Service, which were submitted by the Town as an exhibit in support of its motion, the term "unclaimed" means that the "[a]ddressee abandoned or failed to call for mail." The standards contain other endorsements to be used if an address is insufficient, incomplete, or lists a nonexistent street. None of these endorsements were used on the returned mail sent by the Town to plaintiff.

Defendant Superchi purchased the property at the tax sale for $8,288.85. The Town issued a deed to her on May 21, 2019, after the statutory redemption period expired.

In November 2019, plaintiff filed a complaint against the Town and Superchi, seeking to set aside the tax sale. Plaintiff alleged that the Town failed to comply with 32 V.S.A. § 5252 because it mailed the tax sale notice to the wrong address and did not publish the notice in a newspaper of sufficient circulation; that the inadequate notice deprived him of due process; and that the Town was unjustly enriched by the sale. He sought ejectment of Superchi, a declaration that the sale was invalid, and damages.

The Town moved for summary judgment in its favor, arguing that plaintiff's action was barred because it was filed after the one-year statute of limitations imposed by 32 V.S.A. § 5294. The Town also asserted that it had complied with all statutory notice provisions and that the misspelled address did not result in the mail being misdelivered. Plaintiff opposed summary judgment, arguing that the limitations period did not begin to run until he received actual notice of the sale and that the Town had failed to provide notice consistent with the tax statute or due process.

The civil division concluded that plaintiff's action was time-barred because he filed it in November 2019, more than one year after the tax collector issued her levy against the property in March 2018. It further concluded that the Town complied with the statutory notice requirements and that neither due process nor the statute required the taxpayer to receive actual notice. It therefore granted the Town's motion for summary judgment and entered judgment in favor of the Town and Superchi.[*]

On appeal, plaintiff argues that the civil division erred in concluding that his action was barred by the statute of limitations because the statute did not begin to run until he received actual notice of the tax sale. Plaintiff further contends that the Town failed to comply with statutory notice requirements, thereby depriving him of due process.

We review a decision on a motion for summary judgment de novo. Billewicz v. Town of Fair Haven, 2021 VT 20, ¶ 13, 214 Vt. 511. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). The relevant facts in this case are undisputed, so the sole question before us is whether defendants were entitled to judgment as a matter of law.

---

[*] The court ruled that its judgment in favor of the Town resolved defendant's claims against Superchi and rendered her cross-claims against the Town moot. No party appealed this aspect of the court's decision.

Section 5294(4) of Title 32 states that an action questioning the validity of "acts of the tax collector relating to the collection of the tax either before or after the tax became delinquent" must be filed within one year from the time collection is sought to be enforced against the taxpayer. Section 5295 of Title 32 clarifies how the one-year period is to be measured: when, as here, collection is sought to be enforced by the sale of the real estate, the one-year period begins running "within one year from the date of the levy thereon by the tax collector." 32 V.S.A. § 5295(3). Sections 5294 and 5295 apply to any challenge alleging defects in "the tax collector's procedural steps in collecting the tax." Billewicz, 2021 VT 20, ¶ 23; 32 V.S.A. § 5251 (defining "collection of a tax" to mean all acts required or permitted to be done by tax collector, from end of assessment "up to and including the last act required or permitted by law to be done by the town tax collector in the enforcement of the collection of the tax").

Plaintiff does not appear to dispute that the one-year statute of limitations is applicable to his claims. Rather, he argues that the limitations period did not begin running until he received actual notice of the tax sale in May 2019, because that is when his claims "accrued." Plaintiff is correct that under the statute of limitations applicable to most civil actions, a cause of action "accrues" when a person discovers or should discover facts giving rise to the cause of action. See 12 V.S.A. § 511 (providing that civil cases "shall be commenced within six years after the cause of action accrues and not thereafter"); Jadallah v. Town of Fairfax, 2018 VT 34, ¶¶ 17-18, 207 Vt. 413; Abajian v. TruexCullins, Inc., 2017 VT 74, ¶ 19, 205 Vt. 331; Cavanaugh v. Abbott Lab'ys, 145 Vt. 516, 523-25 (1985). However, this rule is inapplicable in a proceeding governed by §§ 5294 and 5295 because neither statute uses the term "accrues" or otherwise suggests that notice is required to trigger the running of the limitations period. To the contrary, the plain language of § 5295 makes clear that the one-year period is measured from the date when the tax collector enters the levy on the real estate—not when the taxpayer receives notice of that event. In this case, the tax collector entered her levy on March 27, 2018. Plaintiff therefore had until March 27, 2019, to file an action challenging the tax collector's acts, including the notice procedures and the sale itself. Plaintiff did not file his action until November 2019, after the limitations period had run.

Plaintiff nevertheless claims that he is entitled to relief because he was afforded constitutionally inadequate notice. Assuming that such a defect would render the statute of limitations inapplicable, we conclude that plaintiff has failed to establish a due process violation by the Town. See Benoit v. Panthaky, 780 F.2d 336, 338-39 (3d Cir. 1985) (stating majority rule is that statute of limitations does not bar claim that tax sale is void due to jurisdictional defect such as constitutionally inadequate notice to taxpayer). "Due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of [an] action and afford them an opportunity to present their objections.' " Hogaboom v. Jenkins, 2014 VT 11, ¶ 15, 196 Vt. 18 (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950)). "Due process does not require actual notice; however, process which is a mere gesture is not due process." Id. (quotation omitted).

Section 5252(a)(3) of Title 32 requires a town to "[g]ive the delinquent taxpayer written notice by certified mail requiring a return receipt directed to the last known address of the delinquent of the date and place of such sale at least . . . 20 days prior thereto if the delinquent is a nonresident of the town." In Hogaboom v. Jenkins, we interpreted a prior version of this statute, which required notice by registered instead of certified mail. 2014 VT 11. We held that when a notice of tax sale sent by registered mail to the taxpayer is returned unclaimed, due process required the town to "take additional reasonable steps to apprise the taxpayer of the impending tax sale before the sale occurs." Id. ¶ 27. Such reasonable steps included "resending

notice by regular mail, posting notice on the taxpayer's front door, . . . addressing otherwise undeliverable mail to 'occupant,' " or service by sheriff. Id. Following Hogaboom, 32 V.S.A. § 5252(a)(3) was amended to require notice by certified mail and to add the following sentence: "If the notice by certified mail is returned unclaimed, notice shall be provided to the taxpayer by resending the notice by first-class mail or by personal service pursuant to Rule 4 of the Vermont Rules of Civil Procedure." 2017, No. 117 (Adj. Sess.), § 3.

Plaintiff argues that the Town did not comply with § 5252(a)(3) and Hogaboom because it sent him notice by first-class mail on May 2, 2018, before the certified notice was returned unclaimed on May 7. Although plaintiff is correct that the statute contemplates sending additional notice after the initial notice is returned unclaimed, we disagree that the Town's decision to send the additional notice before the certified mail was returned was "a defect of jurisdictional magnitude." Turner v. Spera, 140 Vt. 19, 22 (1981). The Town evidently anticipated that the notice sent to plaintiff would be returned unclaimed, as had happened with a previous notice of tax sale in 2014. It therefore sent additional notice nine days before the sale was scheduled to occur—a reasonable step "that someone desirous of actually informing the property owner would take." Hogaboom, 2014 VT 11, ¶ 17 (quotation omitted). Viewed as a whole, the steps the Town took to provide notice substantially complied with due process. See Turner, 140 Vt. at 22 (holding that town's failure to publish notice of tax sale in newspaper for third time as required by § 5252 did not violate due process where town published notice twice, posted notice publicly locally, and sent notice by registered and first-class mail to taxpayer's last known address).

The record does not support plaintiff's contention that the timing of the additional notice made a difference to the outcome because waiting until the unclaimed mail was received would have prompted the Town to investigate and correct the address or use a different method of notice. Although there was a typo in the mailing address, nothing on the returned envelope indicated that the mail was undeliverable because the address did not exist or was unknown. Thus, even if the Town had waited to receive the unclaimed certified notice, it most likely would have resent it to the same address. That address was very similar to plaintiff's actual address and there is no showing that the misspelling caused the notice to be misdelivered. See In re Moskowitz, 447 A.2d 1114, 1115 (Pa. Commw. Ct. 1982) (explaining absolute accuracy in spelling of names in tax sale notices "is not required when (1) the name, as misspelled, is essentially the same as the name correctly spelled, (2) the misspelled name adequately identifies the owner and (3) the party is not prejudiced by the misspelling"); cf. Lively v. Northfield Sav. Bank, 2007 VT 110, ¶ 7, 182 Vt. 428 (noting that Vermont recognizes doctrine of idem sonans and explaining that "[w]hen all of the parties to an action can plainly identify the person, place, or thing at issue, the misspelling of a name cannot be said to deprive those parties of notice").

Plaintiff further claims that the Town violated § 5252(a)(3) and due process because it sent the second notice by first-class mail nine days before the sale, instead of twenty days as plaintiff contends is required by statute. This argument is meritless. Under the plain language of § 5252(a)(3), only the initial notice by certified mail is required to be sent at least twenty days before the sale. We disagree with plaintiff's claims that following the plain language of the statute will lead to "absurd results" and is contrary to our decision in Hogaboom. As we observed in that case, due process requires simply that if the initial notice is returned unclaimed, the Town must make an additional attempt at notice "before the sale occurs." Hogaboom, 2014 VT 11, ¶ 27. There is no specific time limit, though the additional notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of an action and afford them an opportunity to present their objections." Id. ¶ 15 (quotation and alteration

4

omitted). We have no trouble in concluding that the Town's actions here satisfied these requirements.

Affirmed.

BY THE COURT:

Paul L. Reiber, Chief Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice